JS 44 (Rev. 11/15)

# JS 44 CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
APRIL GEORGE

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
JEROME R. BOWEN, ESQ., 9960 W. Cheyenne Ave., Ste. 250, Las Vegas, NV 89129; (702) 240-5191

## DEFENDANTS
UNUM LIFE INSURANCE COMPANY

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
502(a)(3), 29 USC 1132(a)(3) ERISA

Brief description of cause:
Denial of benefits; breach of of fiduciary duty and equitable relief

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 06/19/2023

SIGNATURE OF ATTORNEY OF RECORD: /s/ Jerome R. Bowen, Esq.

**FOR OFFICE USE ONLY**

RECEIPT #  _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JEROME R. BOWEN, ESQ.
Nevada Bar No. 4540
JEFFREY W. CHRONISTER
Nevada Bar No. 15194
**BOWEN LAW OFFICES**
9960 W. Cheyenne Ave., Suite 250
Las Vegas, Nevada 89129
Telephone: (702) 240-5191
Facsimile: (702) 240-5797
twilcox@lvlawfirm.com
*ATTORNEYS FOR PLAINTIFF*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * *

| | |
|---|---|
| APRIL GEORGE, an individual, | Case No.<br>Dept No. |
| Plaintiff, | |
| vs. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, a foreign corporation; DOES I through X; and ROE CORPORATIONS I through X, inclusive, | **COMPLAINT** |
| Defendants, | |

Plaintiff, APRIL GEORGE, an individual ("Plaintiff"), by and through her attorney of record, BOWEN LAW OFFICES, hereby complains and alleges against Defendants UNUM LIFE INSURANCE COMPANY OF AMERICA, a foreign corporation ("Defendant"); DOES I through X; and ROE CORPORATIONS I through X, inclusive, as follows:

**I.   Jurisdiction**

1. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to § 502(a)(3), 29 U.S.C. § 1132(a)(3), of the Employee Retirement Income Security Act of 1974 ("ERISA"). There is complete diversity of citizenship between the Plaintiff and the Defendant,

**II.   Venue**

2. Venue is proper as the alleged breaches, acts, and omissions took place in the United

States District of Nevada. Additionally, this Court has personal jurisdiction over the Defendant because it transacts business in the State of Nevada by issuing and administering policies and plans and adjusting claims which constitute significant contacts.

**III.  Parties**

3. At all relevant times, Plaintiff, APRIL GEORGE, is and was a citizen of the State of Nevada residing in Las Vegas, Nevada.

4. At all relevant times, Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA, is and was a foreign corporation licensed to do business in the State of Nevada.

5. The Defendants designated as DOES I through X, inclusive, are owners, employers, employees, agents, assigns, partners, predecessors or successors in interest, and/or contractors of Defendants and/or are other individuals who were involved in the acts which form the basis of the allegations and claims contained herein. The true and correct names of said Defendants are currently unknown to Plaintiff who therefore sues said Defendants by said fictitious names. When the true identities of said Defendants are ascertained, Plaintiff will ask leave of this Court to amend his Complaint to insert such names.

6. The Defendants designated as ROE Corporations I through X, inclusive, are the owners, employers, general contractors or contractors, assignors, parent or subsidiary business entities, partner, and/or predecessor or successor entities of Defendants, and each of them, or are otherwise somehow responsible for the acts which form the basis of the allegations and claims contained herein. The true and correct identities of said business entities and/or corporations are at this time unknown to Plaintiff who therefore sues said business entities and/or corporations under such fictitious names. When the true names of said Defendants are ascertained, Plaintiff will ask leave of this Court to amend his Complaint to insert such names.

7. Pursuant to FRCP 10 (a), the identity of defendants designated as DOE Defendants and/or ROE CORPORATIONS I through X are unknown at the present time; however, it is alleged and believed these defendants were involved in the initiation, approval, support or execution of the wrongful acts upon which this litigation is premised, or of similar actions directed against Plaintiff about which they are presently unaware. These defendants are in some manner negligently,

vicariously or statutorily responsible for the events and happenings referred to and caused damages proximately to Plaintiff herein. When the specific identities of these parties are revealed through the course of discovery, the DOE/ROE appellation will be replaced to identify these parties by their true names and capacities.

8. Whenever it is alleged in this Complaint that a party did any act or thing, it is meant that such party's officers, agents, employees, or representatives did such act or thing and at the time such act or thing was done, it was done with full authorization or ratification of such party or was done in the normal and routine course and scope of business, or with the actual, apparent and/or implied authority of such party's officers, agents, servants, employees, or representatives. Specifically, parties are liable for the actions of their officers, agents, servants, employees, and representatives.

9. Each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants as each Defendant has ratified, approved, and authorized the acts of each of the remaining Defendants with full knowledge of said acts, making each of the Defendants an agent of the other and making each of the Defendants jointly responsible and liable for the acts and omissions of each other as alleged herein.

**IV.   Factual Allegations**

10. In March 2006, Plaintiff was employed by Costco Wholesale. During this time, Ms. George contracted for a Life and Accidental Death and Dismemberment policy, which was issued and delivered by Defendant - (Policy Number 596704) insuring the life of Bowen Melendrez ("Insured"), the deceased son of Ms. George (hereafter referred to simply as the "Unum Policy" or "Policy").

11. At all times mentioned herein, Plaintiff was the mother of the Insured.

12. Unfortunately, the Insured died in an auto accident on April 8, 2021. The Insured was twenty (20) years old at the time of the accident.

13. About one month prior to the accident, the Insured purchased a motorcycle. He pertained to a motorcycle club called Vegas Elite Riders who organized fundraisers for victims of

motorcycle accidents.

14. On April 8, 2021, the Insured was involved in a fatal auto accident that resulted in his death. The City of North Las Vegas Police Department issued a report that Mr. Melendrez was at fault for several traffic related statutory violations.

15. One week following the accident, Plaintiff filed a claim (Claim Number 19556972) against the Unum Policy for the death benefits in compliance with the terms of the Policy. Plaintiff wholly complied with the claims process and provided the Insured's death certificate.

16. On August 20, 2021, Defendant issued Plaintiff a denial letter stating that Defendant denied coverage based upon an exclusion in the Policy stating that ""[the Policy] does not cover any accidental losses [allegedly] caused by, contributed to by, or resulting from: ... an attempt to commit or commission of a crime."

17. Given the denial letter, on November 12, 2021, Plaintiff provided Defendant written notice that she would exercise her right to an appeal review of Defendant's denial of coverage.

18. On November 23, 2021, Defendant affirmed its denial of coverage.

19. This denial of coverage is unreasonable because the "in the commission of a crime" is vague and/or ambiguous. The terms are not defined in the Policy.

20. Additionally, the denial of coverage is further unreasonable because "traffic violations" are treated as "civil infractions" pursuant to Nevada Revised Statutes 481.015(a), meaning that the charges are civil infractions and not criminal in nature.

21. Given these reasons, Plaintiff is entitled to the death benefit under the Unum Policy for the death of the Insured.

22. The unreasonable denial of the death benefit under the Unum Policy has deprived Plaintiff of her entitlement pursuant to the Policy. Additionally, as a result of the unreasonable denial, Plaintiff has been forced to retain the services of attorneys and incur attorneys' fees and costs to file suit and to pay for burial expenses for the Insured, a central purpose for which Plaintiff planned to utilize the death benefit proceeds.

## IV. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

### (For ERISA Benefits)

23. Plaintiff repeats and realleges the allegations of the preceding paragraphs of the Complaint as though fully set forth herein and incorporates the same herein by reference.

24. ERISA §502(a)(3), 29 U.S.C. §1132(a)(3), permits a plan participant, beneficiary, or fiduciary to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or to obtain other appropriate equitable e relief to redress such violations or to enforce any provision of this subchapter or the terms of the plan.

25. At all relevant times, Plaintiff has been entitled to life insurance proceeds under the Policy. By denying Plaintiff's claim for the life insurance proceeds, and by related acts and omissions, Defendant has violated, and continues to violate the terms of the Policy and Plaintiff's rights thereunder.

26. This denial of coverage is unreasonable because the "in the commission of a crime" is vague and/or ambiguous and not defined in the Policy. Thus, the Policy should be construed against Defendant, the party that drafted the Policy at issue.

27. Additionally, the denial of coverage is further unreasonable because "traffic violations" are treated as "civil infractions" pursuant to Nevada Revised Statutes 481.015(a), meaning that the charges are civil infractions and not criminal in nature.

28. Moreover, even if the traffic citations were criminal nature (even though they are not), it is unreasonable to rely solely upon the citation because: 1) the Insured is currently deceased and cannot give testimony concerning the events; and 2) records such as a citation or traffic report are inadmissible as evidence at trial.

29. As a result of Defendant's denial of benefits, Plaintiff is entitled to relief as prayed for below.

/ / /

/ / /

## SECOND CLAIM FOR RELIEF

**(Breach of Fiduciary Duty and Claim for Equitable Relief under ERISA § 502(a)(3))**

30. Plaintiff repeats and realleges the allegations of the preceding paragraphs of the Complaint as though fully set forth herein and incorporates the same herein by reference.

31. ERISA § 503, 29 U.S.C. § 1133, requires that in accordance with regulations of the Secretary of Labor, every employee benefit plan must (1) provide adequate notice in writing to any participant whose claims for benefits under the plan have been denied and (2) afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the plan.

32. ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), authorizes a plan participant to bring a civil action to enjoin any act or practice which violates any provision of ERISA or the terms of the plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this title or the terms of the plan.

33. By failing to make a reasonable inquiry to fairly weigh the medical evidence, and making a fallible determination of Plaintiff's entitlement to benefits, Defendants breached their fiduciary duties to its participants of the ERISA plan because Plaintiff is entitled to a reasonable opportunity for full and fair review by the appropriately named fiduciary of the decision denying the claim.

34. Upon information and belief, Defendant's conduct here of refusing to fairly evaluate and contemplate the textual language of the Unum Policy is unreasonable and is part of a pattern and practice of evaluating claims adversely against the interests of the beneficiaries.

35. By withholding benefits, interest, and appreciation from Plaintiff, Defendant breached its fiduciary duties and failed to provide Plaintiff benefits to which she is entitled.

36. As a result of Defendant's breaches, Plaintiff has been harmed and is entitled to injunctive and other equitable relief prayed for below.

/ / /

/ / /

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff expressly reserves the right to amend this Complaint prior to or at the time of trial of this action to insert those claims and items of damages not yet fully ascertainable, and prays judgment against Defendant as follows:

1. Declare that Defendant violated the terms of the Unum Policy by denying Plaintiff's claim for the proceeds of the life insurance policy;
2. Declare that Defendant's non-payment of the proceeds of the life insurance policy is in violation of the plan, duties owed under ERISA, and the Secretary's Regulations;
3. Enjoin Defendant's denial of benefits to Plaintiff because such denial is in violation of the plan, duties owed under ERISA, and the Secretary's Regulations;
4. Enjoin Defendant's failure to afford Plaintiff reasonable opportunity for a full and fair review by the appropriately named fiduciary of the decision denying the claim;
5. Order Defendants to pay the proceeds of the life insurance policy due to Plaintiff, plus past interest on amounts due;
6. Award Plaintiff reasonable attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);
7. Provide such other relief as the Court deems equitable and just.

DATED this 19th day of June, 2023.

**BOWEN LAW OFFICES**

/s/ *Jerome R. Bowen, Esq*.
JEROME R. BOWEN, ESQ.
Nevada Bar No. 4540
Counsel for Plaintiff